MONSANTO COMPANY,
Plaintiff-Appellant,

v.

TENNESSEE VALLEY AUTHORITY,
Defendant-Appellee.

No. 78-2917.

United States Court of Appeals,
Fifth Circuit.

May 9, 1980.

Bradley, Arant, Rose & White, Warren B. Lightfoot, Robert W. Bradford, Jr., Birmingham, Ala., for plaintiff-appellant.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Asst. Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Melvin L. Harper, Tennessee Valley Authority, Knoxville, Tenn., for defendant-appellee.

Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS *, District Judge.

PER CURIAM:

In this appeal Monsanto Company challenges the propriety of a grant of summary judgment for the defendant, Tennessee Valley Authority (TVA). Since the case

* District Judge of the Southern District of Alabama, sitting by designation.

presents a genuine issue of material fact, the district court's order is reversed and the case is remanded for further proceedings.

On February 28, 1975, Monsanto and TVA entered into a contract. The agreement provided that TVA would furnish Monsanto electric power for the operation of Monsanto's plant near Decatur, Alabama. At 2:00 p. m. on January 6, 1977, TVA was conducting a maintenance test on its facilities at its Trinity Substation. In the course of this test, electrical service to the Decatur plant was interrupted.

One year later, Monsanto filed suit in state court to recover damages for TVA's allegedly negligent interruption of electrical power. TVA had the action removed to federal district court.

The original contract between Monsanto and TVA contained the following exculpatory provision:

> It is recognized by the parties that the availability of power to Company [Monsanto] may be interrupted or curtailed from time to time during the term of this contract *because of force majeure or otherwise*. Company shall be solely responsible for providing and maintaining such equipment in its plant and such emergency operating procedures as may be required to safeguard persons on its property, and its operations from the effects of such interruptions or curtailments. *Company assumes all risk of loss, injury or damage to Company resulting from such interruptions or curtailments*. If any such interruption or curtailment lasts longer than 30 consecutive minutes, TVA shall cancel or proportionately reduce, as the case may be, the charges for services for the period of such interruption or curtailment.

(emphasis added). TVA filed a motion to dismiss the action for failure to state a claim, contending that this provision relieved it from any liability for the negligent interruption of electrical service. The trial judge, with the consent of both parties, considered documents outside the pleadings, and the motion was treated as one for summary judgment. F.R.Civ.P. 12(b), 56.

The trial judge agreed with the defendant's contention. He held the contract stated that if power from TVA was interrupted, Monsanto must, in most cases, bear all the damages resulting from this interruption, whether the interruption was caused by acts of God, or "otherwise." The district court concluded that the term "otherwise" was broad enough to include electrical interruptions caused by TVA's negligence. Only where the interruption in power lasted longer than 30 minutes could Monsanto seek relief. Since the parties agreed that the power failure was for less than 30 minutes, the district judge held that the contract, as a matter of law, precluded Monsanto from recovering on its claim that TVA negligently interrupted electrical service.

On appeal, Monsanto argues that the quoted provision is not sufficiently clear to warrant a grant of summary judgment. We agree. The contract expressly relieves TVA of liability for an interruption because of "force majeure." Whether the term "otherwise" immediately following the term "force majeure" was designed to encompass the negligence of TVA is another matter. This Court cannot say, as a matter of law, that the exculpatory clause in the contract between Monsanto and TVA relieves TVA of liability for the negligent interruption of electrical power. It is this ambiguity that is to be resolved at trial. Accordingly, the district court's grant of summary judgment for TVA is

REVERSED AND REMANDED.